United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40858
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO GUEVARA-VIVANCO, also known
as Gustavo Guevara Betancur,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-14-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Osvaldo Guevara-Vivanco appeals his sentence imposed
following his guilty plea to illegal reentry after deportation.
He was sentenced to five years of imprisonment and three years of
supervised release. He argues that, in light of United States v.
Booker, 125 S. Ct. 738 (2005), his sentence is invalid because
the district court applied the Sentencing Guidelines as if they
were mandatory. We review for plain error. United States v.
Mares, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), petition for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

Guevara-Vivanco is unable to establish plain error with regard to his Booker claim because he cannot establish that being sentenced under a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. See Mares, 402 F.3d at 520-22; Valenzuela-Quevedo, 407 F.3d at 733-34.

Guevara-Vivanco also asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(a) and (b) are unconstitutional. He acknowledges that his argument is foreclosed, but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This issue is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.